ZHENG XI LIU, Petitioners,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–6346–ag.

United States Court of Appeals, Second Circuit.

May 3, 2006.

John Z. Zhang, New York, New York, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama (Jenny L. Smith, Assistant United States Attorney, on the brief), Birmingham, Alabama, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Zheng Xi Liu, a native and citizen of the People's Republic of China, petitions for review of the November 2004 BIA order affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in these consolidated cases.

When the BIA adopts and supplements the IJ's decision, this Court reviews the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

■ The adverse credibility finding in this case was not supported by substantial evidence. First, the record does not support the IJ's finding that it was not clear how Liu knew that the village cadres had visited his home because his parents practiced Falun Gong or "whether there was a conversation between him and the officials" before he asked them "what was wrong with [his] parents practicing Falun Gong." In his written application, Liu stated that he angrily asked the cadres "what had happened," and the leader told him that "somebody reported that [his] parents continued practicing Falungong [sic] at home." Moreover, while the IJ did not express any difficulties in hearing or understanding Liu's testimony, the transcript reveals that Liu's testimony was "indiscernible" during key moments throughout the hearing, including with respect to Liu's confrontation with the village cadres. Because of this, we cannot adequately complete our review.

Second, the IJ's finding that Liu "did not provide much detail" about the events that transpired in China is similarly problematic. The IJ identified only one example of this deficiency—that Liu provided "no details whatsoever" about how he escaped the cadres. The transcript indicates that Liu testified "(indiscernible) then a friend of mine came over trying to block the (indiscernible) and I was able to run away." However, even if Liu's testimony here was "sparse," thus leading the IJ to wonder whether it had been fabricated, the IJ and Government counsel could have "probe[d] for incidental details, seeking to draw out inconsistencies that would

support a finding of lack of credibility." *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003). Here, neither the IJ nor the Government questioned Liu further on this issue.

Third, the IJ erred in other respects. The IJ improperly faulted Liu for failing to provide medical evidence that he had been beaten, when Liu never stated that he had sought such medical attention. The IJ unreasonably faulted Liu for failing to provide an answer for why his summons did not mention the "assault" on the official when it was not logical to expect Liu to explain why a legal notice directing him to appear at a police station would omit certain information. The IJ also failed to discuss how the finding that Liu's parents have remained in China without having been persecuted by the Chinese government impacted Liu's credibility, inasmuch as the parents indicated that they avoided persecution only by continually relocating.

Further, while the IJ accurately observed that Liu did not mention the struggle with the village cadres in his airport statement, this omission, when measured against the entire record, *see Secaida–Rosales v. INS,* 331 F.3d 297, 308, (2d Cir.2003), is not fatal because the crux of Liu's claim is that his parents had been sought by the Chinese government due to their practice of Falun Gong; the Chinese authorities imputed the political opinion of Liu's parents to him; and he resisted the authorities' efforts to locate his parents.

■ Because Lin failed to raise the issue of CAT relief on appeal to the BIA, this Court lacks jurisdiction to review this claim. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS,* 358 F.3d 162 (2d Cir.2004) (holding that where exhaustion is required, a court must dismiss any unexhausted claim for lack of jurisdiction).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED with respect to the asylum and withholding of removal claims, and the decision REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).